MRS. MARGARET O'HARA,
Widow of Thomas J. Burke,

versus

ALAMGAMATED ASSOCIATION
OF STREET AND ELECTRIC RAILWAY
EMPLOYEES OF AMERICA.

No. 7589,

COURT OF APPEAL

------------------------------------------------

O P I N I O N

(On Motion to Dismiss)

Max Dinkelspiel, Judge.

------------------------------------------

The motion to dismiss this appeal is filed upon two grounds:

1.      That under Act of the legislature of 1916, No. 112, Section 4, "No officer of any court shall accept any bond, unless each surety thereon shall have made oath that he is worth, over and above all his debts and obligations, in assets that can be subjected to levy under execution the amount for which said surety has bound himself in said bond, and unless the party furnishing such bond shall have made oath that he is informed and believes that each surety on said bond is worth, over and above said surety's debts and obligations, in assets that can be subjected to levy under execution, the amount for which said surety has bound himself in said bond, provided that the provisions of this section shall not apply to Surety Companies authorized under the laws of this state to do business in this state."

It is admitted that the surety on this bond is not a surety company authorized under the laws of this state to do business in this state. No affidavit of the principal on the bond has been furnished, and it is claimed, therefore, that under the terms of the act, particularly Section 10, the suspensive and devolutive appeal herein taken should be dismissed.

529

2. The second ground of the motion to dismiss is that the appeal was not perfected by the filing of a bond within ten days.

Under Article 575 of the Code of Practice, "If the appeal has been taken within ten days, not including Sundays, after the judgment has been notified to the party cast in the suit, when such notice is required by law to be given, it shall stay execution and all further proceedings, until definitive judgment be rendered on the appeal; provided, the appellant gives his obligation, with good and solvent security . . . . . . . "

In our opinion, neither ground for the dismissal of this appeal is valid.

Taking up the question of dismissing the appeal because the bond was not given within ten days, the judgment was final on March 3, 1919, and, excluding Sunday, the last day given under the law, - without questioning whether or not the first day counts, although it is admitted that it does, - appellant was within the time, under the article of the Code heretofore cited.

The other ground has been passed upon by this court in the case of Delia Coleman, Wife of Stephen Hamilton, v. Bureau of Endowment of District Grand Lodge No. 21', C.U.O. of O.F. (Court of Appeal, No. 7415), where it was held, amongst other things, (His Honor Judge Claiborne being the organ of the Court) that no appeal shall be dismissed on account of any error in the amount of the bond, and that any litigant shall have the right to correct such insufficiency in amount in the court of original jurisdiction.

Again, it has been held in White v. Maison Blanche, 142 La. 265, that "An appeal will not be dismissed on the ground that the appeal bond is not sworn to as required by Section 4 of Act 112 of 1916, when it is not alleged that the appellant was

given any notice by appellee of the insufficiency of the bond".
(See also authorities cited in said opinion).

We are therefore of the opinion that the motion to dismiss
must be denied, and it is so ordered.